IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MODE TRANSPORTATION LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-4890-M-BK |
| | § | |
| DALE PRAX, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Judge's *Standing Order of Reference* [Doc. 24], this case has been referred to the undersigned for pretrial management. Before the Court is Defendant Dale Prax's *Motion for Summary Judgment* [Doc. 11]. For the reasons the follow, it is recommended that Defendant's motion be **DENIED WITHOUT PREJUDICE**.

Defendant filed his motion on February 19, 2014, roughly two months after Plaintiff filed its complaint and before the parties had exchanged initial disclosures or conducted discovery. *See* Doc. 12 (*Parties' Joint Report*, filed nearly three weeks after Defendant's motion for summary judgment). Moreover, the motion, filed before Defendant retained counsel, fails to meet the minimum pleading requirements of FED. R. CIV. P. 56, or N.D. Tex. Civ. R. 56.5 and 56.6.

A motion for summary judgment cannot be granted where, given the early state of discovery, "it is not yet possible to ascertain whether essential assertions of fact made by the moving party will be in genuine dispute." DVH Cos. v. Bropfs Corp., No. 06-CV-2084, 2007 WL 3284324 at *2 (N.D. Tex. 2007) (Solis, J.) (quoted case omitted). Moreover, it is "a misuse of the time of both counsel <u>and the Court</u> for a party to file a motion for summary judgment before filing requests for admissions or other discovery devices designed to reveal whether the

factual assertions on which the summary judgment motion is based are in dispute." *Id.* (emphasis added).  Here, under the *Scheduling Order*, Doc. 36, the discovery period ends September 30, 2014, and dispositive motions must be filed no later than October 28, 2014.

The Court finds that Defendant's uncounseled motion for summary judgment was prematurely filed.  Accordingly, it is recommended that Defendant's *Motion for Summary Judgment* [Doc. 11] be **DENIED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on August 15, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE